## Farley, Jurey & Co *v.* A. Hewson et al.

Plaintiff was the holder of a note dated in New Orleans, drawn by a person, who at the time trans-
acted commercial business in this city, as a partner of the firm of *R. F. Nichols & Co.*, which was
dissolved in the summer or fall of 1854, and who continued to visit frequently their place of
business after the dissolution, and until within a month or six weeks prior to the maturity of the
note. Plaintiff did not know that the maker resided in another parish, and there was nothing to
put him upon an inquiry with reference to the maker's residence. The note was placed in the
hands of a notary for protest, on the 4th of January, 1855, within banking hours, who called a t
four, or half past four o'clock, at the store or office of *R. F. Nichols & Co.*, and was then informed
for the first time, that the maker resided in the parish of Jefferson, some distance above Carroll-
ton. *Held:*

1. That had the holder known before the maturity of the note, that the maker resided in another
parish, it would have been his duty to make a demand of payment at his domicil, he having no
fixed place of business.

2. That the holder had a right to presume that the maker resided here, and that if he was under a
false impression with reference to the maker's domicil, it was one which naturally resulted from
the circumstances under which the endorser himself had placed the note in circulation.

3. That the distance of the maker's residence, considering the lateness of the hour and the season
of the year, furnishes a reasonable excuse for a want of due presentment for payment.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Wolfe & Singleton*, for plaintiffs. *Goold & Stansbury*, for defendants and
appellants.

Lea, J. *R. F. Nichols* is sued as endorser of a promissory note, and urges
as matter of defence, that there was no demand of payment of the maker. It
appears that *Hewson*, the maker of the note, was a partner of the firm of *R.
F. Nichols & Co.*, who endorsed the note, and who had their place of business
in this city; that this firm was dissolved some time in the summer or fall of
1854, but that *Hewson* continued to visit frequently their place of business
after the dissolution, and until within a month or six weeks prior to the matu-
rity of the note. *Hewson* resides in the parish of Jefferson, some distance
above Carrollton. On the day the note fell due, the notary's deputy, about
four, or half past four o'clock in the afternoon, called at the store or office of
*Nichols*, the late partner of the maker, and was there informed that the maker
resided in the parish of Jefferson, about three miles above Carrollton. There-
upon, the note was protested for non-payment.

The question is, whether the endorser is discharged by any want of diligence
in making a demand of payment of the maker. It is undoubtedly the duty of
the holder of a note, to use all reasonable diligence to make a demand of pay-
ment of the maker; but this word diligence is to be construed reasonably.
Had the holder known before the maturity of the note, that the maker resided
in another parish, it would have been his duty to make a demand of payment
at his domicil, he having no fixed place of business; but it not only does
not appear that he had such knowledge, but there was nothing to put
him upon an inquiry with reference to the maker's residence. The plain-
tiff was holder of a note dated in New Orleans, drawn by a person at the
time transacting commercial business in this city. He had a right to presume
that the maker resided here. If he was under a false impression with reference
to the maker's domicil, it was one which naturally resulted from the circum-
stances under which the endorser himself had placed the note in circulation.

The note not having been paid within banking hours, was placed in the hands of a notary for protest, who was then informed for the first time, that the maker resided in another parish, at a distance, which considering the lateness of the hour and the season of the year, furnishes, we think, a reasonable excuse for a want of due presentment for non-payment.

Judgment affirmed, with costs.